NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COTTONWOOD ENVIRONMENTAL
LAW CENTER; et al.,

Plaintiffs-Appellants,

v.

U.S. SHEEP EXPERIMENT STATION;
AGRICULTURAL RESEARCH SERVICE,

Defendants-Appellees.

No.   19-35511

D.C. No. 9:17-cv-00155-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted October 8, 2020[**]
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[***] District
Judge.

Plaintiffs/Appellants Cottonwood Environmental Law Center, Gallatin

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

Wildlife Association, and Yellowstone Buffalo Foundation appeal the district court's denial of their motion for summary judgment and its entry of judgment for Defendants/Appellees Agricultural Research Service (ARS) and U.S. Sheep Experiment Station. Appellants argue that Appellees violated the National Environmental Policy Act of 1969 (NEPA) by issuing a Record of Decision that relies on a purportedly self-contradictory Final Environmental Impact Statement (FEIS). We affirm.

We review agency decisions that allegedly violate NEPA using the standards of the Administrative Procedure Act (APA). *Bark v. U.S. Forest Serv.*, 958 F.3d 865, 869 (9th Cir. 2020). Under those standards, a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. "An agency action is arbitrary and capricious if the agency has: relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Bark*, 958 F.3d at 869 (quoting *WildEarth Guardians v. U.S. EPA*, 759 F.3d 1064, 1069–70 (9th Cir. 2014)).

We reject Appellants' contention that the NEPA analysis in the FEIS

2

regarding human encounters with grizzly bears was arbitrary and capricious. As Appellants recognize in their brief, NEPA does not "impose substantive environmental obligations on federal agencies" but "merely prohibits uninformed—rather than unwise—agency action." *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 351 (1989). NEPA's procedural requirements are "'designed to force agencies to take a "hard look" at environmental consequences' of their proposed actions." *Bark*, 958 F.3d at 868 (quoting *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 763 (9th Cir. 2014)). Here, it is clear that ARS took a "hard look" at the consequences of continued sheep grazing in Montana's Centennial Mountains.

Appellants rely on *Organized Village of Kake v. U.S. Department of Agriculture* in asserting that "unexplained conflicting findings" in the FEIS violate the APA. 795 F.3d 956, 969 (9th Cir. 2015) (en banc). But *Kake* involved a change of decision by the Department of Agriculture on the same factual record within a two-year period, and this Court concluded that the Department did not provide "a reasoned explanation" for its "change in course." 795 F.3d at 959. Here, however, ARS did not change its course but instead characterized bear encounters differently in different parts of the FEIS in the course of assessing environmental impacts. And although Appellants claimed to have discovered "new information" about bear encounters, the district court aptly recognized that

the information was not "new" and that the FEIS had addressed all of it. The FEIS not only described the 2008 bear encounters that Appellants relied upon but also specifically responded to Appellants' public comment to the draft EIS regarding sheep herders being "chased," noting the protocols in place for sheepherder–grizzly bear encounters.

"In reviewing the adequacy of an EIS, we apply the 'rule of reason' standard, which requires a pragmatic judgment whether the EIS's form, content and preparation foster both informed decision-making and informed public participation." *Native Ecosystems Council v. U.S. Forest Serv.*, 418 F.3d 953, 960 (9th Cir. 2005) (quoting *California v. Block*, 690 F.2d 753, 761 (9th Cir. 1982)). Here, to the extent there are discrepancies in the FEIS's descriptions of grizzly bear encounters, they do not render the FEIS "so . . . misleading that the decisionmaker and the public could not make an informed comparison of alternatives." *Native Ecosystems Council v. Marten*, 883 F.3d 783, 795 (9th Cir. 2018) (quoting *Native Ecosystems Council v. U.S. Forest Serv.*, 418 F.3d at 964–65). The FEIS "provide[s] the public adequate access to information about the impact of" sheepherding on grizzly bears and their interactions with humans. *WildEarth Guardians v. Mont. Snowmobile Ass'n*, 790 F.3d 920, 927 (9th Cir. 2015). Thus, ARS's NEPA analysis does not violate NEPA or the APA.

**AFFIRMED.**